This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40339**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JAMIE PHILLIP ABEITA,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Victor E. Valdez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief in the above-entitled cause, pursuant to this Court's notice of assignment to the general calendar with modified briefing. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order in *In re Pilot Project for Criminal Appeals*, No. 2022-002, we affirm for the following reasons.

**{2}** Defendant asserts that the evidence was insufficient to support his conviction for driving while under the influence (DWI), first offense, contrary to NMSA 1978, Section 66-8-102 (2016), specifically arguing that the State failed to prove beyond a reasonable doubt that Defendant operated a motor vehicle. [BIC 4] Having reviewed this matter, we disagree with Defendant's contention.

**{3}** At Defendant's bench trial, the State presented testimony from an officer who was on duty, assigned to a DWI unit in Albuquerque. [BIC 2] The officer testified that when he arrived to a call for service, he saw a white Pontiac on the shoulder, which appeared to be nosed up to a small tree and chain-link fence. [BIC 2] The officer agreed that he did not look for any damage to the car or the fence or the tree, and he never saw the car in motion. [BIC 2] He walked up to the car and saw Defendant asleep in the driver's seat. [BIC 2] He noticed that the vehicle was running, in drive, and the headlights were on. [BIC 2]

**{4}** The officer testified that he knocked on the window, did not get a response, and then opened the driver's door. [BIC 2] The officer smelled an odor of alcohol, and, once Defendant was awakened, he asked Defendant to put the car in park. [BIC 2] Defendant responded, turning the car off. [BIC 2] The officer agreed that he himself never put the car in park. [BIC 2] He testified that he asked Defendant what happened, then told Defendant that Defendant ran into a fence. [BIC 2-3] Defendant stated that it was his friend's fence. [BIC 3]

**{5}** The officer said that Defendant's eyes were bloodshot and watery, and he was slurring his speech. [BIC 3] Defendant admitted to having one alcoholic beverage. [BIC 3] The officer went on to conduct a DWI investigation and eventually charged Defendant.

**{6}** "In reviewing for sufficiency of the evidence, we must determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Torres*, 2018-NMSC-013, ¶ 42, 413 P.3d 467 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Comitz*, 2019-NMSC-011, ¶ 16, 443 P.3d 1130 (internal quotation marks and citation omitted). Under the sufficiency of the evidence standard, evidence is viewed "in the light most favorable to the guilty verdict, . . . resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. The testimony of a single witness constitutes sufficient evidence to uphold a conviction. *See, e.g.*, *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333.

**{7}** In order to convict Defendant of driving while intoxicated, the State was required to prove, beyond a reasonable doubt, that (1) Defendant operated a motor vehicle; (2) at the time, Defendant was under the influence of intoxicating liquor, that is, as a result

of drinking liquor Defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public; and (3) this happened in New Mexico, on or about the 13th day of February, 2021. *See* UJI 14-4501 NMRA. [BIC 2, 3] Further, the State must have proven that, "A person is 'operating' a motor vehicle if the person is . . . driving the motor vehicle; or, in actual physical control with the intent to drive the vehicle, whether or not the vehicle is moving." *See* UJI 14-4511 NMRA.

**{8}** Again, Defendant's challenge to the sufficiency of the evidence attacks whether the State established that he operated a motor vehicle. [BIC 4] To convict Defendant of driving while intoxicated, "the fact[-]finder must assess the totality of the circumstances and find that (1) the defendant was actually, not just potentially, exercising control of the vehicle, and (2) the defendant had the general intent to drive so as to pose a real danger to himself, herself, or the public." *State v. Sims*, 2010-NMSC-027, ¶ 4, 148 N.M. 330, 236 P.3d 642. Circumstantial evidence alone may be sufficient to allow a trier of fact to infer that the accused drove while impaired. *See State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269 (holding that actual physical control of the vehicle "is not necessary to prove DWI unless there are no witnesses to the vehicle's motion and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated" (emphasis omitted)). Our Supreme Court explained that "[s]uch evidence may include the accused's own admissions, the location of the vehicle next to the highway, or any other similar evidence that tends to prove that the accused drove while intoxicated." *Id.* To determine whether an individual was in actual physical control of the vehicle and had a general intent to drive so as to pose a real danger to himself or the public, our Supreme Court has adopted a non-exhaustive list of factors to consider: (1) whether the vehicle was running, (2) whether the ignition was turned on, (3) where the key was located, (4) where and in what position the driver was in the vehicle, (5) whether or not the person was awake, (6) whether the vehicle's headlights were on, (7) whether the vehicle was stopped, (8) whether the driver had voluntarily pulled off the road, (9) time of day, (10) weather conditions, (11) whether the heater or air conditioner was on, (12) whether the windows were up or down, and (13) any explanation of the circumstances demonstrated by the evidence. *Sims*, 2010-NMSC-027, ¶ 33; *see also* UJI 14-4512 NMRA (listing substantially similar factors).

**{9}** Defendant argues that some of these factors weigh in favor of his claim that the State presented insufficient evidence of his operation of the vehicle. Defendant argues that he was parked in front of a friend's house and was "sleeping off" his intoxication. [BIC 7] Defendant points out that he was off to the side of the road, not obstructing traffic. [BIC 7] Defendant argues that the weather weighs in his favor, because it was one o'clock in the morning in the middle of February and he needed to use his heater to stay warm. [BIC 7] Defendant also points out that whether the car was in gear to drive was strongly contested by Defendant at trial, although the metropolitan court concluded that the car was in drive, that the officer testified he asked Defendant to put the car in park, and Defendant turned the car off. [BIC 8-10]

**{10}** Several of the other *Sims* factors weigh against Defendant. Again, Defendant's car was running and the ignition was turned on; Defendant was in the driver's seat; Defendant was asleep; Defendant's headlights were on; and Defendant's vehicle was stopped and he was on the side of the road. It was one in the morning, the car's heater was on, and the windows of the car were up. *See Sims*, 2010-NMSC-027, ¶ 33. [BIC 7]

**{11}** Viewing all the evidence in the light most favorable to the guilty verdict, we conclude that the totality of the circumstances demonstrate that Defendant operated the vehicle and the State presented sufficient circumstantial evidence for the metropolitan court to determine that Defendant was guilty of driving while intoxicated. For the foregoing reasons, we affirm.

**{12}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**